UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALF BAILEY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-06-2362 |
| | : | |
| TROY WILLIAMSON, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

**Introduction**

Khalf Bailey, an inmate currently confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Troy Williamson, warden at USP-Lewisburg. In the petition Bailey claims that his due process rights were violated during a prison disciplinary hearing which resulted in the loss of 27 days of good conduct time in contravention of the principles articulated in Wolff v. McDonnell, 418 U.S. 539 (1974). The petition is ripe for consideration and, for the reasons that follow, will be denied.

**Background**

On March 25, 2006, Petitioner was visiting with his girlfriend in the visiting room at USP-Lewisburg. At the conclusion of the visit, staff observed via video monitoring Petitioner kiss his girlfriend and squeeze her buttocks. Staff thereafter noticed the female visitor grab Petitioner's penis. Later that day, Petitioner was issued an incident report charging him with a violation of Code 299 M/L Code 205 - Conduct that Disrupts the Running of an Institution, most like Engaging in a Sexual Act. (Doc. 6, Ex. 1, Cunningham Declar. at Attach. 1, Incident Report.)

On March 26, 2006, Petitioner went before the Unit Disciplinary Committee ("UDC"). He admitted that the incident, as described in the report, did take place. The UDC referred the charges to the Disciplinary Hearing Officer ("DHO"). A disciplinary hearing was thereafter conducted on March 31, 2006. Petitioner was found to have committed the prohibited act. (Id., Attach. 2, DHO Report.) Specifically, the DHO found the incident was most accurately "Conduct which Disrupts, Most Like Engaging in a Sexual Act." Petitioner was found guilty of this charge and sanctioned to the loss of 27 days of good conduct time, 30 days of disciplinary segregation (this was suspended pending 180 days of clear conduct), and loss of visiting privileges for 6 months.

Petitioner argues that he was improperly charged with Engaging in a Sexual Act because the behavior that took place was not a "sexual act" as a sexual act

requires penetration to occur between the individuals involved. (Doc. 1, Pet. at 4.) He argues that what he did more properly falls within the category of "sexual contact", a violation of BOP Code 407 - - Conduct with a Visitor in Violation of BOP regulations or a violation of Code 409 - - Unauthorized Physical Contact. Petitioner states that he would accept "100% of the responsibility" for these violations.

Petitioner further argues that he was denied his Wolff procedural safeguards because he is entitled to have written notice of the charges in a "language he can understand and be able to prepare a defense too (sic), and present evidence on his behalf." (Doc. 1, Pet. at 5.) The gist of his argument is that the incident report did not accurately reflect the charge of which he was ultimately found guilty - - Code 299 Conduct That Disrupts the Running of the Institution." He claims that the violation he was found guilty of should have resulted in a lesser sanction, ie., fewer lost days of good conduct time. As relief, Petitioner seeks the restoration of the 27 days of good conduct time, and the removal of the incident report from his record.

**Discussion**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

In the instant case it is clear that Petitioner was afforded all of the required

procedural rights set forth in Wolff. There is no evidence that Petitioner raised any challenge to the impartiality of the DHO. The disciplinary report also reveals that Petitioner did not request any inmate witnesses and chose not to present any documentary evidence on his own behalf. The record also shows that Petitioner stated that he did not want an inmate representative. It is also clear that on April 14, 2006, Petitioner was provided with a copy of the written decision of the DHO which set forth the evidence relied upon and rational behind the disciplinary action imposed by the DHO.

The two procedural requirements which appear to be challenged by Petitioner are his Wolff entitlement to advance written notice of the disciplinary charges and the Hill requirement that there exist "some evidence" to support the conclusion of the DHO. With regard to the first challenge, Petitioner argues over and over again in both his petition and his traverse that he was not provided with advance written notice of the charges because he was charged with "Engaging in a Sexual Act" in violation of Code 205, but was ultimately found guilty of "Conduct which Disrupts, most like Engaging in a Sexual Act" a Code 299/205 violation. He tries to argue that he therefore did not have the required advance notice of what conduct he was being charged with. This argument will be rejected for the following reasons. First, the incident report of March 25, 2006 clearly charges Petitioner with "299 M/L 205" which translates into a Code 299 violation most like Code 205. As such, Petitioner

had the required notice that he was being charged with conduct that disrupts the institution and what the basis of said conduct was. Further, the charge did not read that he was charged with engaging in sexual conduct, but rather that the disruptive conduct was most like said offense. In addition, there is no dispute whatsoever that Petitioner was given a USP-Lewisburg Admissions and Orientation Booklet defining his rights and responsibilities and the prohibited acts as well as the disciplinary severity scale, and that said booklet contained a section addressing the visiting conditions and rules. The section states that no physical contact is allowed other than "hand shaking and kissing by immediate family members within the bounds of good taste at the beginning and end of each visit." (Doc. 6, Ex. 1, Attach. 2 at 3.) Petitioner admits that the involved visitor was his girlfriend and that the acts as charged in the incident report did occur. Clearly, there is no question that Petitioner was provided with advanced written notice and was well aware of the disciplinary charges at issue in this case.

To the extent Petitioner also challenges the sufficiency of the evidence, he fares no better. By choice, Petitioner presented no witnesses or documentary evidence. He also chose not to have an inmate representative. The DHO relied upon the eyewitness account of the reporting officer who made his observation by video monitoring, as well as Petitioner's own testimony wherein he admitted the acts as charged. Petitioner's only defense were his claims that (1) he was new to the institution and

did not know that he was not allowed to grab his visitor's buttocks and (2) that his sexual organ was never removed from his pants by his visitor. These arguments were considered and rejected by the DHO, particularly in light of the fact that Petitioner had previously been provided with the booklet setting forth the visiting conditions/ rules. Based upon the foregoing, the court finds that "some evidence" clearly existed to find Petitioner guilty of Conduct which Disrupts, most like Engaging in a Sexual Act. Accordingly, the habeas petition will be denied. An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALF BAILEY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-06-2362 |
| | : | |
| TROY WILLIAMSON, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

**O R D E R**

**AND NOW, THIS 20th DAY OF FEBRUARY, 2007**, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

s/Edwin M. Kosik
United States District Judge